BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



IN RE DOW CHEMICAL CO.             )     DOCKET NO. 275
"POLYSTYRENE FOAM"                 )
PRODUCTS LIABILITY LITIGATION      )

OPINION AND ORDER
_____

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY*, JUDGES OF THE
PANEL.

PER CURIAM

   This litigation consists of four actions pending in two federal districts: three in the District of Minnesota and one in the Western District of Wisconsin. All the actions involve the alleged fire hazards of a cellular plastic insulation material known as "Styrofoam" which is manufactured by Dow Chemical Co. The actions arise from the use of "Styrofoam" as insulation in various agricultural buildings. Plaintiffs in two of the Minnesota actions and the Wisconsin action allege that they have suffered fire losses and structural damages in their buildings because of the flammability of "Styrofoam." The plaintiffs in the third Minnesota action, Meierhofer, allege only

_____
*Judge Caffrey recused himself from participation in the consideration or decision of this matter.

structural damages attributable to the flammability of the "Styrofoam" in their buildings. Dow Chemical is the sole defendant in all the actions. The plaintiffs rely on theories of strict liability; negligence in development, testing, manufacturing, and marketing of "Styrofoam;" breach of express and implied warranties; fraudulent misrepresentation; and failure to warn of the flammability of "Styrofoam."

Plaintiffs in each action move the Panel pursuant to 28 U.S.C. §1407 to transfer the action pending in the Western District of Wisconsin to the District of Minnesota for coordinated or consolidated pretrial proceedings with the three actions pending in that district. Defendant Dow Chemical opposes transfer. We find that transfer of these actions would not necessarily serve the overall convenience of the parties and witnesses or promote the just and efficient conduct of this litigation. Accordingly we deny transfer.

Plaintiffs contend that transfer is appropriate in this litigation because the actions share questions of fact concerning the flammability of "Styrofoam," Dow's knowledge of that flammability, Dow's disclosure of that knowledge to users, the adequacy of testing, and Dow's marketing practices. Plaintiffs argue that transfer is warranted for the same reasons that transfer was ordered in In re Celotex Corporation "Technifoam" Products Liability Litigation,

68 F.R.D. 502 (J.P.M.L. 1975). The actions in that litigation involved the alleged fire and related hazards of certain cellular plastic insulation products generally known as "Technifoam" and manufactured by the Celotex Corporation.

Discovery on the common questions of fact involved here, however, apparently has been completed, and the parties have entered into a stipulation whereby this discovery may be made applicable to all four actions. Transcript at 5 and 9. Indeed, plaintiffs concede that the only common matters left to be accomplished in these actions are questions of law. Transcript at 12-13. Thus, any need for transfer under Section 1407 has been obviated. Compare <u>In re Celotex Corporation "Technifoam" Products Liability Litigation</u>, <u>supra</u>, 68 F.R.D. at 505 (discovery in one action completed) <u>with In re Fotomat Franchisee Litigation</u>, 394 F. Supp. 798, 799 (J.P.M.L. 1975)(voluntary cooperation among the parties).

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A

DOCKET NO. 275

DISTRICT OF MINNESOTA

| | |
|---|---|
| Gene Meierhofer, et al. v. The Dow Chemical Co. | Civil Action No. 4-74-454 |
| Stanley Block, et al. v. The Dow Chemical Co. | Civil Action No. 4-74-609 |
| Leonard B. Doucette, et ux. v. The Dow Chemical Co. | Civil Action No. 4-76-233 |

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Philip L. Fliflet v. The Dow Chemical Co. | Civil Action No. 76-C-474 |